IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-111

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| NICHOLAS LOWERY (2) ) | |
| ) | |

**THIS MATTER** is before the Court upon defendant Lowery's Motion to Sever Counts on Bill of Indictment. (Doc. No. 38). For the reasons stated below, the Court will deny the motion.

I. BACKGROUND

The defendant is charged in Counts One through Three of the indictment for alleged conspiracies occurring between February 25, 2011, and April 11, 2011, to rob drug dealers, to possess with intent to distribute cocaine, and to use and carry firearms during and in relation to the charged robbery and drug trafficking conspiracies, or to possess firearms in furtherance of those offenses.[1] (Doc. No. 9: Indictment at 1-3). Count Six alleges that the defendant, a felon, possessed a .40 caliber Glock pistol on July 28, 2010. (Id. at 4).

According to the Complaint, an undercover law enforcement agent asked co-defendant McLaurin if he would be interested in robbing Mexican drug dealers for whom the agent supposedly made cocaine deliveries. (Doc. No. 1 at 2). McLaurin agreed to do the robbery and brought Lowery to a meeting with the agent. (Id.). During that conversation, Lowery indicated

---

[1] Co-defendant Deangelo McLaurin is charged in Counts Four and Five with possessing firearms he allegedly sold to an undercover law enforcement agent. (Doc. No. 9: Indictment at 3-4).

that he had .40 and .38 caliber handguns, but expressed his desire for an AK-47 assault rifle to use in the robbery. (Id. at 3). On the day the robbery was to be carried out, the agent asked McLaurin and Lowery if they had "the tools," and they responded they had everything they needed. (Id. at 4). Lowery pointed out another vehicle nearby as their get-away car. (Id. at 3). The defendants followed the agent to another location where they were arrested, but officers were not able to apprehend the other car. (Id. at 5). The search of Lowery's car revealed two sets of black sweat pants and gloves purchased earlier that day, but no firearms. (Id.).

II.     LEGAL DISCUSSION

    A.     Severance of Bank Robbery Counts

The defendant claims that the offense alleged in Count Six should be severed because it is unrelated to the conspiracies alleged in Counts One, Two, and Three. (Doc. No. 38: Motion at 1). He claims that evidence of his criminal record, an element of Count Six, would unduly prejudice him in the eyes of the jury. (Id.). However, the defendant has also filed notice of his intent to rely on the defense of entrapment. (Doc. No. 36).

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses that are "of the same or similar character," or "are connected with or constitute parts of a common scheme or plan." The Fourth Circuit has interpreted this rule flexibly, requiring only that joined offenses have a "logical relationship" with one another. United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). Courts have a strong interest in judicial economy and joinder is the rule rather than the exception. United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995). To avoid a joint trial, a defendant must show a serious risk that a jury would be prevented from making a reliable judgment about guilt or innocence. Cardwell, 433 F.3d at 388. Additionally, the risk of prejudice is neutralized with a proper instruction that the jury consider each charge separately. Id.

A claim of prejudice is weakened when evidence of one offense would be admissible in the trial of another under Federal Rule of Evidence 404(b). United States v. Isom, 138 Fed. Appx. 574, 580 (4th Cir. July 12, 2005) (citing United States v. Bragan, 499 F.2d 1376, 1380 (4th Cir. 1974)). The Fourth Circuit has recognized that evidence of possession of a firearm on one occasion is admissible 404(b) evidence to prove possession of the firearm on a separate date charged in the indictment. United States v. Brown, 151 Fed. Appx. 286, 288 (4th Cir. Oct. 27, 2005).

Here, the government will attempt to prove that the defendant planned to rob drug dealers while being armed with firearms and then sell the drugs obtained in the robbery. The inchoate nature of the alleged offenses will focus attention at trial on the defendant's intent to participate in the robbery, drug trafficking, and firearms conspiracies. The defendant himself has put intent squarely at issue by claiming entrapment, which requires that the defendant lack predisposition to engage in the criminal conduct, United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006). Evidence establishing that the defendant previously possessed a firearm bears directly on the questions of predisposition and intent to possess a firearm as part of the alleged conspiracies. United States v. Pinion, No. 10–4343, 2011WL5126223, slip op. at *1 (4th Cir. Oct. 31, 2011) (prior possession provides reason to believe defendant would have gun available on later occasion). Thus, even if Count Six were severed, the evidence about the defendant's alleged possession on an earlier date would be admissible in a separate trial on Counts One, Two, and Three.

The Court finds that the defendant has not established a serious risk that the jury will not be able to return a reliable verdict if the offenses are tried together. The Court intends to instruct the jury to consider the evidence regarding each count separately and not to consider the

defendant's status as a felon except as an element of Count Six. Thus, the risk of prejudice of a joint trial will be neutralized by a jury instruction and the defendant will suffer no additional prejudice from a joint trial because the evidence of the earlier alleged gun possession would be admissible in a separate trial.

III.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's motion is DENIED.

The Clerk is directed to certify copies of this order to the defendants, counsel for the defendants, and to the United States Attorney.

Signed: December 5, 2011

Robert J. Conrad, Jr.
Chief United States District Judge